BYRNE v. ROBERTS <em>et al.</em>

31 319
82 607

Jurisdiction: SERVICE BY PUBLICATION. In an action wherein service by publication was made under chapter 240, acts of the Sixth General Assembly, it was *held*, that the statement in the affidavit upon which the publication was ordered, " that the defendant is not a resident of the State of Iowa," was sufficient without the statement that the defendant could not be found within the State.

*Appeal from Cedar District Court.*

THURSDAY, APRIL 20.

ACTION in chancery to set aside and declare void the title to certain lands based upon a sheriff's sale and deed. The judgment upon which the lands were sold was rendered in an action wherein the court acquired jurisdiction by the service of notice by publication. An attachment was issued and the lands afterward sold were attached. The action was commenced in 1859. The affidavit upon which the publication was ordered states "that the defendant is not a resident of the State of Iowa," together with the return of the sheriff that the defendant was not found.

There had been previously a notice returned by the sheriff of the proper county, showing that the defendant was not found. It is insisted in this action that the publication was not authorized by law, and that the court therefore acquired no jurisdiction in the case. No other objection is raised against the judgment and proceedings upon which the lands were sold. A demurrer to the petition was sustained by the district court, and plaintiff appeals.

*Fairall & Boal* for the appellant.

*Cornell & Bro.* and *Edmonds & Ransom* for the appellee.

BECK, J. — The action wherein the judgment was rendered upon which the lands were sold was prosecuted under chapter 240, acts of the Sixth General Assembly, providing for the service of notices by publication. Section 1 of this act authorizes, in certain cases when defendants "cannot be found within the State," publication of the original notices under orders of the court or judge, to be made upon proper showing of the fact by affidavit. Among the cases enumerated in which it is allowable to serve a defendant by publication, as prescribed by the statute, this one is mentioned, namely : when the defendant is "a non-resident of the State, but has property therein, and the action arises upon contract, and the court has jurisdiction of the subject-matter" Before the order of publication is made, the judge or court may require a notice to be returned not found by the proper officer.

The objections made to the judgment upon which the lands were sold are founded upon the fact that the affidavit upon which the publication was ordered does not state that the defendant cannot be found within the State.

It will be observed that the statute does not require the affidavit to state that the defendant "cannot be found within the State," but that such fact must be made to ap-

pear by affidavit. The return of the officer of a notice may also be required, in order to aid the court or judge to determine the fact whether it is a proper case in which the order for publication may be made. Such a case arises when the defendant is a non-resident, has property in the State, and the action is based upon a contract, and the court has jurisdiction of the subject of the action. If the court or judge determines that the defendant " cannot be found within the State," the order may be properly made. In this case that fact was determined by the court, upon the affidavit stating defendant was a non-resident, and the return of the sheriff that he was not found. In our opinion the evidence before the court authorized the conclusion that defendant could not be found within the State, and sufficiently supported the order of publication.

Proof of the non-residence of the defendant, and a return of not found by the sheriff, the officer intrusted with serving the process of the court, unquestionably was sufficient evidence upon which to base the determination that the defendant could not be found within the State. This was the fact which the statute required the court to determine. The affidavit and return upon the notice which the statute prescribes are, by its provision, designed as evidence of this fact, and nothing more.

Upon this view we are relieved of the necessity of inquiring into the conclusiveness of the order of publication, and of considering other questions presented by appellee. We will not be understood as passing upon any of these various questions presented in the case. Neither will we be understood as determining that it either is or is not competent to show that the order of publication was made upon insufficient evidence. Upon this question we express no opinion. We simply decide that the evidence exhibited by the record was sufficient to authorize the order of publication.

Affirmed.